# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEGGY S. BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-200-GKF-SAJ |
| ) | |
| BOISE CASCADE L.L.C., ) | |
| a professional corporation, ) | |
| ) | |
| Defendant. ) | |

## **O P I N I O N  A N D  O R D E R**

Before the court is Plaintiff's Motion to Remand [Document No. 14]. For the reasons set forth below, the motion is granted.

## I.  BACKGROUND

This action arises out of conduct that occurred while plaintiff Peggy Brooks ("Brooks") was employed by defendant Boise Cascade L.L.C. ("Boise"). The case was originally filed in Tulsa County District Court on January 16, 2008. Brooks asserts only one cause of action against Boise – intentional infliction of emotional distress as a result of "unwanted and offensive sexual taunting" by Boise employees. Brooks alleges damages "in an amount in excess of $10,000." (Petition, ¶ 11).[1] Brooks also seeks punitive damages, costs, attorneys fees, and prejudgment interest. (*Id.*, ¶ 12).

Boise was served with the state court Petition on March 27, 2008. On April 10, 2008, Boise removed the case to this court, asserting that federal diversity jurisdiction exists under 28 U.S.C. §

---

[1] Oklahoma's general rules of pleading require that:

> Every pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

OKLA. STAT. tit. 12, § 2008(2).

1332(a)(1).[2]  In its Notice of Removal, Boise states that "this case was not removable based upon the initial pleading served. . . by Plaintiff." [Document No. 1, ¶ 5].  Boise argues that the case became removable, however, when counsel for Brooks telephoned Boise's counsel on or about February 7, 2008 and left a message stating that "we could probably settle the case for around $400,000.00 - $500,000.00." [Document No. 1, ¶ 6].  Based on this telephone message, Boise contends the amount in controversy exceeds $75,000 and removal is proper.

Boise also argues that Brooks conceded jurisdiction of this Court when the parties filed a Joint Status Report on May 28, 2008, which included a stipulation that "Jurisdiction [is] Admitted." [Document No. 13, p. 3].  Days later, however, Brooks filed her motion to remand.  Brooks argues that this Court lacks federal jurisdiction because the amount in controversy is less than $75,000.  In her motion to remand, Brooks affirmatively asserts entitlement to only $74,500 and "agrees to sign a binding stipulation that her damages will not exceed $74,500." [Document Nos. 14, 16].

## II.  DISCUSSION

"The courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998).  The presumption is therefore "against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *cert. granted*, 544 U.S. 998 (2005), *aff'd*, 546 U.S. 132 (2005).

---

[2] 28 U.S.C. § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."

As the party invoking the federal court's jurisdiction in this case, Boise bears the burden of establishing that the requirements for the exercise of diversity jurisdiction are present. *Martin*, 251 F.3d at 1290, citing *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).

### A. Diversity of Citizenship

In determining the citizenship of a limited liability company, courts generally look to the citizenship of its members. While the Tenth Circuit has not specifically addressed this issue, other circuit courts have held that the citizenship of a limited liability company is the citizenship of its members. *See Dixie Aire Title Services, Inc. v. SPW, L.L.C.*, 2007 WL 464704, at *1 (W.D. Okla., Feb. 8, 2007) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.2006); *General Tech. Applications, Inc. v. Exro Ltd.*, 388 F .3d 114,121 (4th Cir.2004); *GMAC Commer Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir.2004); *Rolling Greens MHP v. Comcast Sch. Holdings*, 374 F.3d 1020, 1022 (11th Cir.2004); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir.2003); and *Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, 51-52 (2nd Cir.2000); *see also*, 15 James WM. Moore, Moore's Federal Practice § 102.57[8] (3d ed.2006)).

The Notice of Removal identifies defendant Boise as "a limited liability company, incorporated in the state of Delaware, and having its principal place of business in the State of Idaho." [Document No. 1, ¶ 3]. Plaintiff Brooks is identified as "a citizen of the State of Oklahoma, residing in Tulsa." [*Id.*]. While the parties do not dispute that they are diverse in citizenship, the record before the Court is devoid of any allegations regarding the members of Boise and the citizenship of the members. Accordingly, Boise has not satisfied its burden of establishing that the parties are diverse for purposes of federal diversity jurisdiction.

**B.  Amount in Controversy**

Even if complete diversity of citizenship exists, the court must determine whether, at the time of removal, the amount in controversy exceeded $75,000.  The requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice." *Martin*, 251 F.3d at 1290 (emphasis in original, citations omitted).  At a minimum, the jurisdictional amount must be shown by a preponderance of the evidence.  *Id.*

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin*, 50 F.3d at 873. Here, the state court Petition does not establish that the amount in controversy exceeds $75,000. Indeed, defendant Boise concedes that this case is not removable based upon the state court Petition. [Document No. 1, ¶ 5].  Because the Petition does not establish the requisite amount in controversy, the court must turn to the allegations of the Notice of Removal.  As mentioned, the Notice of Removal relies upon a phone message left by counsel.

    28 U.S.C. § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of **an amended pleading, motion, order or other paper** from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added).  Boise cites § 1446(b) in its Notice of Removal and suggests that the phone message falls within the category of "other paper" from which Boise, and this Court, may ascertain removability.

Brooks does not address the fact that Boise relies upon an oral communication from counsel as the bases for removal jurisdiction.  Instead, Brooks argues that a settlement statement is not

4

determinative of the actual amount in controversy. The Court, however, concludes that Boise's attempt to classify the phone message as "other paper" within the meaning of § 1446(b) is significant in its determination as to whether removal jurisdiction is proper. Moreover, a federal court must independently satisfy itself of jurisdiction and is not bound by the subsequent acts or pleadings of the parties. *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982).

It is apparent from the Notice of Removal that the phone message left by Brooks's counsel was oral, and Brooks's counsel did not provide any writing regarding damages, whether for purposes of settlement or otherwise. An affidavit signed by Gregory D. Nellis and attached to the Notice states: "On or about February 7, 2008, I received a telephone message from counsel for Plaintiff, Gary Richardson, wherein Mr. Richardson stated 'we could probably settle the case for around $400,000.00 - $500,000.00.'" [Document No. 1-4]. Boise has not pointed to an "amended pleading, motion, order or other paper" which tends to establish that the amount in controversy exceeds $75,000. The only "paper" presented is an affidavit by Boise's counsel memorializing an oral telephone communication.

Importantly, this Court has previously held that the "plain language of § 1446(b) suggests that the communication triggering removal must be written, not oral." *Garcia v. Shelter General Ins. Co.*, 2007 WL 1302599, at *1 (N.D. Okla., May 2, 2007). Because the Tenth Circuit has held that removal statutes should be strictly construed against removal, "the Court should read the phrase 'other paper' narrowly to exclude oral communication." *Id*.

In *Garcia*, the Honorable Chief Judge Claire V. Eagan examined cases in which other courts have ruled that oral communications – except for depositions which are transcribed into writing or statements made in court – do not trigger removability under § 1446(b). For example, in *Smith v.*

*Bally's Holiday*, 843 F.Supp. 1451 (N.D. Ga. 1994), the defendant sought removal based on an oral telephone conversation where plaintiff's counsel stated that damages were "in the six figure range." The court held that oral communications between counsel did not satisfy the language of § 1446(b). *See also Sunburst Bank v. Summit Acceptance Corp.*, 878 F.Supp. 77, 81 (S.D. Miss. 1995)(§ 1446 requires that the notice be in writing); 14C C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3732 (3d. 1998)(oral statements will not qualify as notice provided by "other paper" under the statements are made in the courtroom during the course of the action). Judge Eagan agreed with this authority and concluded that telephone communications between counsel in *Garcia* were insufficient to satisfy the requirements of § 1446(b). 2007 WL 1302599, at *2.

Based on *Garcia*, and the authorities relied upon therein, the Court concludes that the phone message from Brooks's counsel is an oral communication and, as such, does not satisfy the requirements of § 1446(b) for removal.

With respect to Boise's argument that Brooks has admitted jurisdiction by the subsequent stipulation contained in the Joint Status Report, the court concludes that subject matter jurisdiction cannot be conceded or waived. *See Laughlin*, 50 F.3d at 873-74. Further, because the Court concludes that the oral communication by Brooks's counsel does not constitute "other paper" within the meaning of § 1446, it is unnecessary to address Brooks's assertion that she agrees to sign a binding stipulation that her damages will not exceed $74,500. Notably, a stipulation as to the amount of damages which is made subsequent to removal is immaterial as to whether jurisdiction was proper at the time of removal. *See e.g. St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289-90, 58 S.Ct. 586, 82 L.Ed. 845 (1938)("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); *Wisconsin Dept.*

*of Corrections v. Schacht*, 524 U.S. 381, 391, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998)(In cases where an event subsequent to removal, such as a reduction of the amount at issue, destroys previously existing jurisdiction, the federal court should keep the removed case)(citations omitted).

In light of the presumption against removal and the requirement that removal statutes be narrowly construed, the Court concludes that Boise has not met its burden to demonstrate that the parties are diverse in citizenship and the amount in controversy in this case exceeds $75,000, exclusive of interests and costs. As such, this Court lacks original subject matter jurisdiction over this action and must remand the case to state court pursuant to 28 U.S.C. § 1447(c).

**WHEREFORE**, the Plaintiff's Motion to Remand [Document No. 14] is hereby **granted**, and the Court directs the Court Clerk to remand this case to the District Court in and for Tulsa County.

**IT IS SO ORDERED** this 26th day of June 2008.

_____
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma